Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
James Cole, SBN 297826
**OMNI LEGAL GROUP**
10866 Wilshire Blvd., Suite 400
Los Angeles, California 90024
Phone:        310.276.6664
Facsimile:    310.305.1550
omid@omnilegalgroup.com
ariana@omnilegalgroup.com
james@omnilegalgroup.com

Attorneys for Defendant
SNOW MONSTER INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KAO, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>SNOW MONSTER INC., a California corporation; CAFE DE PARIS, INC., a California corporation; HEEKTEA, a business entity unknown; CINDY CAI, an individual; and DOES 1-10, inclusive,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:17cv08934-RSWL (GJSx)<br><br>**SNOW MONSTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT AND ASSERTION OF COUNTERCLAIMS FOR:**<br><br>  **(1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>  **(2) DECLARATORY JUDGMENT OF INVALIDITY**<br><br>**DEMAND FOR BENCH TRIAL** |

1

SNOW MONSTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS FOR DECLARATIONS OF NON-INFRINGEMENT AND INVALIDITY

**ANSWER**

Defendant Snow Monster Inc. ("Snow Monster") answers the Complaint of Peter Kao ("Plaintiff") as follows.

**INTRODUCTION**

1. Snow Monster denies the allegations of paragraph 1.

**JURISDICTION AND VENUE**

2. Snow Monster admits that Complaint purports to be an action arising under the United States patent laws. Snow Monster admits that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §1331 and 28 U.S.C. §1338. Snow Monster denies any remaining allegations of paragraph 2 of the Complaint.

3. Snow Monster denies the allegations of paragraph 3.

4. Snow Monster admits that venue is proper in the Central District of California. Snow Monster denies any remaining allegations of paragraph 4.

**THE PARTIES**

5. Snow Monster admits that Plaintiff has asserted that it is an individual residing in Los Angeles County, California.

6. Snow Monster admits that Snow Monster Inc. is a corporation organized and existing under the laws of the state of California with a principal place of business at 5211 East 2nd Street, Long Beach, CA 90803.

7. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on this basis denies them.

8. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and on this basis denies them.

9. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and on this basis denies them.

10. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on this basis denies them.

11. Snow Monster denies the allegations of paragraph 11.

2

SNOW MONSTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS FOR DECLARATIONS OF NON-INFRINGEMENT AND INVALIDITY

## GENERAL ALLEGATIONS

12. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on this basis denies them.

13. Snow Monster admits that U.S. Patent No. D577,601S (the "'601 Patent") bears an issuance date of September 30, 2008. Snow Monster further admits that what purports to be a copy of the '601 Patent was attached to Plaintiff's Complaint as Exhibit 1. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 13, and on this basis denies them.

14. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on this basis denies them.

15. Snow Monster denies the allegations of paragraph 15.

16. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on this basis denies them.

17. Snow Monster denies the allegations of paragraph 17.

18. Snow Monster denies the allegations of paragraph 18.

## FIRST COUNT

**(Claim For Design Patent Infringement)**

19. Paragraph 19 of the Complaint does not contain any allegations, and therefore no response is required. Snow Monster incorporates its responses to paragraphs 1 through 18 of this Answer as if fully set forth herein.

20. Snow Monster denies the allegations of paragraph 20.

21. Snow Monster denies the allegations of paragraph 21.

22. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and on this basis denies them.

23. Snow Monster is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and on this basis denies them.

24. Snow Monster denies the allegations of paragraph 24.

25. Snow Monster denies the allegations of paragraph 25.

3

SNOW MONSTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS FOR DECLARATIONS OF NON-INFRINGEMENT AND INVALIDITY

26. Snow Monster denies the allegations of paragraph 26.

27. Snow Monster denies the allegations of paragraph 27.

28. Snow Monster denies the allegations of paragraph 28.

29. Snow Monster denies the allegations of paragraph 29.

30. Snow Monster denies the allegations of paragraph 30.

31. Snow Monster denies the allegations of paragraph 31.

## DEMAND FOR JURY TRIAL

32. Plaintiff's demand that all issues be determined by a jury trial does not state any allegation, and Snow Monster is not required to respond. To the extent that any allegations are included in the demand, Snow Monster denies these allegations.

## PRAYER FOR RELIEF

33. The Prayer for Relief does not contain any allegations. To the extent any response is required to any paragraph of Plaintiff's Prayer for Relief, including without limitation paragraphs 1 through 13, Snow Monster denies paragraphs 1 through 13 of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Non-Infringement

1. Snow Monster does not infringe, has not infringed (directly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner) and is not liable for infringement of the '601 Patent.

2. The '601 Patent's claim cannot properly be construed to cover any of Snow Monster's products. As such, Plaintiff's claims are barred or unenforceable.

### Second Affirmative Defense – Patent Invalidity

3. The '601 Patent is invalid for failure to satisfy one or more of the requirements for patentability specific in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and/or 112.

4. The '601 Patent is invalid because it is primarily functional and contains no protectable ornamental features.

4

SNOW MONSTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS FOR DECLARATIONS OF NON-INFRINGEMENT AND INVALIDITY

### Third Affirmative Defense – Waiver, Acquiescence, Laches, and Estoppel

5. Plaintiff's claims are barred by the doctrines of waiver, acquiescence, laches, and estoppel due to Plaintiff's delay and manner of bringing the present action.

### Fourth Affirmative Defense – Unclean Hands

6. Plaintiff's claims are barred by the unclean hands doctrine.

### Fifth Affirmative Defense – Failure to State a Claim

7. Plaintiff's Complaint, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### Sixth Affirmative Defense – Failure to Mitigate

8. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate damages, to the extent such damages exist, by delaying the initiation of this lawsuit or otherwise failing to take active steps to protect his intellectual property rights, if any.

### Seventh Affirmative Defense – Acts of Plaintiff

9. On information and belief, the damages, if any, that were allegedly sustained by Plaintiff as a result of the acts complained of in the Complaint were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiff, its agents, predecessors, and/or related entities.

### Eighth Affirmative Defense – Actions of Others

10. The claims made in the Complaint are barred, in whole or in part, because Snow Monster is not liable for the acts of others over whom it has no control.

### Ninth Affirmative Defense – No Willful Infringement

11. Plaintiff's claims for enhanced damages and an award of fees and costs against Snow Monster has no basis in fact or law and should be denied.

### Tenth Affirmative Defense – No Equitable Relief

12. As a result of Plaintiff's actions, Plaintiff is not entitled to equitable relief, including but not limited to Plaintiff's request for injunctive relief as it has an adequate remedy at law.

### Eleventh Affirmative Defense – No Damage

13. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Snow Monster in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**Twelfth Affirmative Defense – No Causation**

14. Plaintiff's claims against Snow Monster are barred because Plaintiff's damages, if any, were not caused by Snow Monster.

**Thirteenth Affirmative Defense – No Irreparable Harm**

15. Plaintiff's claims for injunctive relief is barred because Plaintiff cannot show that it will suffer irreparable harm from Snow Monster's actions.

**Fourteenth Affirmative Defense – Adequate Remedy at Law**

16. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**Fifteenth Affirmative Defense – Exceptional Case**

17. This is an exceptional case under 35 U.S.C. §285, and accordingly, Snow Monster is entitled to its attorneys' fees incurred in defending against Plaintiff's Complaint.

**Sixteenth Affirmative Defense – Damages Limited**

18. Plaintiff's claim for damages, if any, against Snow Monster for alleged infringement of the '601 Patent is limited by 35 U.S.C. §§ 286, 287, and 288.

**Additional Defenses**

19. Snow Monster reserves the right to assert additional defenses based on information learned or obtained during discovery.

**COUNTERCLAIMS**

**THE PARTIES**

1. Counterclaimant Snow Monster is a corporation organized under the laws of the state of California, with its principal place of business at 5211 East 2nd Street, Long Beach, CA 90803.

2. Upon information and belief, Plaintiff/Counter-defendant Peter Kao ("Plaintiff")

6

SNOW MONSTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS FOR DECLARATIONS OF NON-INFRINGEMENT AND INVALIDITY

is an individual residing in Los Angeles County, California.

3.  Snow Monster, by and through its undersigned counsel, seeks a declaratory judgment that the '601 Patent is invalid and unenforceable.

4.  Snow Monster, by and through its undersigned counsel, seeks a declaratory judgment of invalidity of the '601 Patent pursuant to 28 U.S.C. §2201.

## JURISDICTION AND VENUE

5.  Snow Monster's counterclaims for declaratory relief arise under the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.* and the patent laws of the United States, 35 U.S.C. §1, *et seq.*

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

7.  This Court has personal jurisdiction over Plaintiff for at least the following reasons: (i) Plaintiff resides in Los Angeles County, California and (ii) Plaintiff has initiated litigation in this judicial District in connection with this dispute.

8.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b)-(c) and 1400(b).

9.  An immediate, real, and justiciable controversy exists between Snow Monster and Plaintiff as to the invalidity and unenforceability of the '601 Patent.

## FACTUAL BACKGROUND

10. From its inception as a small business in Orange County, California, Snow Monster has grown into a popular dessert restaurant with seven locations, specializing in macaron sandwiches and drinks in take-home jars. Today, Snow Monster's innovative and top quality desserts are widely recognized and appreciated across southern California.

11. Snow Monster attributes much of its success to its innovative practices, including its dessert innovation lab in Huntington Beach, California where new desserts are researched and developed.

12. Snow Monster's success is demonstrated by not only its profits but also by the attention given to it by the media. In fact, Snow Monster has been featured on networks such as *Food Network, Cooking Channel,* and *The Weather Channel*, and publications such as *OC*

7

SNOW MONSTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS FOR DECLARATIONS OF NON-INFRINGEMENT AND INVALIDITY

*Weekly, Los Angeles Times, Orange Coast Magazine,* and *Spoon University*.

13. Plaintiff claims to own the '601 Patent covering a "Juice Bottle."

14. Plaintiff has accused Snow Monster of infringing the '601 Patent through Snow Monster's alleged selling, offering for sale, and/or importing into the United States products that infringe the '601 Patent.

15. The '601 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102-103, or primarily functional.

## FIRST CLAIM FOR RELIEF

### Declaration of Non-Infringement

16. Snow Monster restates and incorporates by reference each of the allegations of paragraphs 1 through 15 of these Counterclaims as though fully set forth herein.

17. Plaintiff claims to be the owner of all rights, title, and interest in and under the '601 Patent.

18. Plaintiff has accused Snow Monster of infringing the '601 Patent and has created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '601 Patent.

19. Snow Monster does not infringe and has not infringed the '601 Patent through its use, selling, and/or offering to sell, in the United States and/or importing into the United States, any of its products.

## SECOND CLAIM FOR RELIEF

### Declaration of Invalidity

20. Snow Monster restates and incorporates by reference each of the allegations of paragraphs 1 through 19 of these Counterclaims as though fully set forth herein.

21. Plaintiff contends that the '601 Patent is valid and has created a substantial, immediate, and real controversy between the parties as to the invalidity of this patent.

22. Claim 1 of the '601 Patent is invalid for failing to satisfy one or more of the requirements for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and 112.

8

SNOW MONSTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS FOR DECLARATIONS OF NON-INFRINGEMENT AND INVALIDITY

23. Claim 1 of the '601 Patent is invalid because it is primarily functional and contains no protectable ornamental features.

### PRAYER FOR RELIEF

WHEREFORE, Snow Monster respectfully requests entry of judgment as follows:

A. That the Court dismiss with prejudice any and all claims of Plaintiff's Complaint and order that Plaintiff take nothing as a result of the Complaint and that all of Plaintiff's prayers for relief are denied;

B. That the Court find and declare, and enter judgment, in favor of Snow Monster and against Plaintiff that Snow Monster has not infringed the '601 Patent;

C. That the Court find and declare, and enter judgment, in favor of Snow Monster and against Plaintiff that the claim of the '601 Patent is invalid;

D. That this case be declared "exceptional" under 35 U.S.C. §285 and that Snow Monster be awarded its attorneys' fees, expenses, and costs incurred in this action;

E. That Plaintiff be ordered to pay all costs associated with this action;

F. That Snow Monster be granted pre-judgment and post-judgment interest on the damages caused to them; and

G. That Snow Monster be granted such other and further relief as the Court may deem just and appropriate.

### DEMAND FOR BENCH TRIAL

Snow Monster hereby demands a bench trial on all issues.

RESPECTFULLY SUBMITTED this 31st day of January, 2018

**OMNI LEGAL GROUP**

_____
Omid E. Khalifeh
Ariana Santoro
James Cole
Attorneys for Defendant and Counterclaimant,
Snow Monster Inc.

9

SNOW MONSTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS FOR DECLARATIONS OF NON-INFRINGEMENT AND INVALIDITY