Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A. Petersen, SBN 318475
**OMNI LEGAL GROUP**
10866 Wilshire Blvd., Suite 400
Los Angeles, California 90024
Phone:      310.276.6664
Facsimile:  310.305.1550
omid@omnilegalgroup.com
ariana@omnilegalgroup.com
lara@omnilegalgroup.com

Attorneys for Defendant,
SNOW MONSTER INC.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KAO, an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>SNOW MONSTER INC., a California Corporation; CAFÉ DE PARIS, INC., a California corporation; HEEKTEA, a business entity unknown; CINDY CAI, an individual; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.: 2:17-CV-08934-RSWL-GJS<br><br>**JOINT STATEMENT OF THE CASE**<br><br>**Trial Date:** November 5, 2019<br>**Time:**          9:00 a.m.<br>**Courtroom:**  6C |

///
///
///
///
///

# JOINT STATEMENT OF THE CASE

The parties in this case are Plaintiff Peter Kao ("Plaintiff" or "Kao") and Defendant Snow Monster Inc. ("Defendant" or "Snow Monster"). Kao is the named inventor and owner of U.S. Patent No. D577,601 (the "'601 Patent"), a design patent for a "Juice Bottle," meant to embody the look of classic "A" type light bulb. In 2016, Snow Monster started marketing and selling a "Giant Light Bulb Jar" ("Accused Product") to accommodate their beverage offerings. Plaintiff initiated this lawsuit alleging Defendant's Accused Product infringed the claim of the '601 Patent and that the infringement was willful. Plaintiff also alleges it suffered damages and irreparable harm warranting equitable relief. As such, Plaintiff has the burden of proof for all of these claims.

Defendant denies these allegations and further alleges that (1) the Accused Product does not infringe the '601 Patent and (2) the '601 Patent is invalid because it is neither novel nor non-obvious. Defendant further alleges that Plaintiff is barred from recovering because this is an exceptional case; Plaintiff's damages are limited; Plaintiff failed to show willful infringement; Plaintiff did not incur damages nor irreparable harm; and Plaintiff is not entitled to equitable relief. Plaintiff denies each of these contentions and Defendant has the burden of proof for their affirmative defenses of invalidity and exceptionality under 35 U.S.C. § 285.

The scope of the '601 Patent is limited to ornamental features and is defined by the patent document. In making an infringement determination, you may take into consideration previous work in the relevant field, known as "prior art." To hold Defendant liable for infringement of the '601 Patent, Plaintiff must prove that an ordinary observer familiar with the prior art would find the overall appearance of the Accused Product substantially the same as the overall appearance of the '601 Patent. Moreover, if the '601 Patent is close to the prior art designs, small differences between the Accused Product and the '601 Patent are likely to be important to the eye of the hypothetical ordinary observer. If you determine Snow Monster infringed

1  the '601 Patent, you will then need to decide any money damages to be awarded to
2  Kao to compensate him for the infringement.
3
4  Dated:      October 29, 2019           **OMNI LEGAL GROUP**
5
6                                         By: _____
7                                         Omid E. Khalifeh
                                          Ariana Santoro
8                                         Lara A. Petersen
                                          Attorneys for Defendant,
9                                         Snow Monster Inc.
10
11 Dated:      October 29, 2019           **WANG IP LAW GROUP, P.C.**
12
13                                        By:  /s/ Tommy SF Wang
                                          Tommy SF Wang, Esq.*
14                                        Annie Wong, Esq.
                                          Angelica Victoria O. De Mesa, Esq.
15                                        Attorneys for Plaintiff,
16                                        Peter Kao
17
18
19
20                            ***ATTESTATION**
    I hereby certify under L.R. 5-4.3.4(a)(2)(i) that all other signatories listed, and
21
    on whose behalf the filing is submitted, concur in the filing's contents and have
22
    authorized the filing.
23
24
25
26
27

# CERTIFICATE OF SERVICE

In accordance with Local Rule 5-3.2.1, the undersigned hereby certifies that on October 29, 2019, a true and correct copy of the foregoing Joint Statement of the Case was filed through the Court's CM/ECF System and was thereby served via electronic mail upon all counsel of record.

_____
Omid E. Khalifeh